**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARK WILTGEN, on behalf of himself and all others similarly situated, | ) | |
| Plaintiff, | ) | Case No. |
| vs. | ) | Jury Demanded |
| UNIFUND CCR LLC and RESURGENCE LEGAL GROUP, PC, | ) | |
| Defendants. | ) | |

**INDIVIDUAL AND CLASS ACTION COMPLAINT**

Plaintiff, Mark Wiltgen, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

**INTRODUCTION**

Alpine Capital Investments, LLC, a bad-debt buyer, filed a lawsuit to collect an alleged debt from Plaintiff titled *Alpine Capital Investments, LLC v. Mark S. Wiltgen,* Case No. 12SC06475, in The Circuit Court of Will County, the Twelfth Judicial Circuit, Will County, Illinois. On September 17, 2012, a judgment was entered in favor of Alpine for the amount of $6,551.00 plus costs in the amount of $276.00, for a total judgment amount of $6,826.51.

The judgment sat dormant for a decade. Thereafter, on May 31, 2023, UNIFUND CCR LLC, LLC and Resurgence Legal Group, PC filed a Petition to Revive Judgment that falsely communicated that judgment was originally entered in favor of Unifund—and not Alpine—effectively hijacking the judgment debt.

The Petition also misrepresented the amount of the Alpine judgment debt, stating that "on September 17, 2012, this Court entered judgment in favor of Plaintiff and against Defendant in the sum of $6.826.51, plus costs." However, judgment was originally entered for $6551.00 plus costs, and not the inflated figure communicated to Plaintiff.

Plaintiff was confused by the information contained in the Petition, and could not identify the alleged debt as being his due to the misrepresentations contained therein, as both the judgment creditor and amount of debt listed therein was false and unfamiliar. Plaintiff thereafter expended time and money to obtain a copy of the court file, and hired and paid an appearance fee in order to contest both the inflated amount being sought and the false representation as to the identity of the judgment creditor. It was only because of the false and misleading Petition that Plaintiff went through the trouble and expense that he did, and thus he lost time and suffered financial detriment thereby. Plaintiff has thus suffered a concrete injury in fact under Article III. See *Mack v. Resurgence Capital Services, L.P.*, 70 F.4th 395, 406 (7th Cir. 2023).

Plaintiff has Article III standing for the further reason that each Defendant failed to provide Plaintiff with a "Notice of Debt" within 5 days of the initial communication with him or his attorney, which contains required information about the creditor to which the alleged debt is purported to be owed, the amount of the alleged debt, and his right to contest or request verification of the debt/ascertain the identity of the original creditor, placing him at a distinct disadvantage in dealing with his alleged obligations. If he had known about his rights and been provided communications that were legally mandated by the FDCPA, he would have timely disputed and sought verification of the debt, allowing him to be able to ascertain the amount of the alleged debt sought, and the identity of the alleged creditor. Had Defendants provided a Notice of Debt, Plaintiff also could have caused litigation to cease by disputing the alleged debt

in writing until Defendants mailed verification to Plaintiff, preventing revival of the judgment thereby. *Lavallee v. Med-1 Solutions, LLC*, 932 F.3d 1049 (7th Cir. 2019).

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA.

2.      Venue is proper because parts of the acts and transactions alleged herein occurred here and Defendants transact substantial business in Cook and Will Counties, Illinois.

3.      Specifically, Defendants filed and served a petition to revive judgment in Will County that falsely communicates that on September 17, 2012, a judgment was entered in favor of UNIFUND CCR LLC for $6,434.37, plus costs, and falsely communicates the amount of the alleged debt.

## PARTIES

4.      Plaintiff, Mark Wiltgen ("Plaintiff"), is a resident of the State of Illinois, from whom Defendants are attempting to collect an alleged judgment debt entered in favor of Alpine Capital Investments, LLC ("Alpine").

5.      Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6.      Defendant UNIFUND CCR LLC, LLC ("Unifund"), is a bad debt buyer that purchases defaulted consumer debts and thereafter seeks to collect them via litigation, telephone, and the mail.

7.      Unifund is engaged in the business of a collection agency, using the courts, mail and telephone to collect defaulted consumer debts originally owed to others.

8. Unifund's primary business is the collection of defaulted consumer debts from individuals, including via interstate commerce and the mails, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

9. Unifund maintains a website: https://www.unifund.com/

10. Unifund's website states in part as follows:

> Flexible Payment Options
>
> Unifund provides innovative solutions that help consumers achieve financial fitness while resolving outstanding balances. We believe in a holistic approach to receivables that features alternatives to the traditional debt collection approach. We understand that debt resolution can be a challenging process, so we offer a variety of flexible options that include individualized payment plans and alternative solutions that offer consumers unique options to resolve their debt. Payments can be made through our secure online payment portal, over the phone, and through the mail. For more information, please visit our Payments page or call us to discuss options for resolving your account.
> Unifund website, https://www.unifund.com/consumer/, accessed on July 25, 2023

11. Unifund's website also states in part: "This communication is from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose." Unifund website, https://www.unifund.com, accessed on July 25, 2023

12. Unifund holds a collection agency license from the State of Illinois.

13. Resurgence Legal Group, PC ("Resurgence") is a law firm that, as its principal business purpose, collects defaulted consumer debts on behalf of others.

14. Resurgence maintains a website: https://resurgencelegal.com/.

15. Resurgence's website states in part as follows:

> RESURGENCE LEGAL GROUP
>
> Since its inception in 2001, Resurgence Legal Group has grown to become a leading regional law firm specializing in consumer debt collection. Resurgence works with clients that have business in Illinois, Wisconsin, Minnesota, and California to collect receivables using a proprietary litigation-centric collection model.

Resurgence website, https://resurgencelegal.com/resurgence-legal-company-information/, accessed on July 25, 2023.

CREDITOR RECOVERY SERVICES

Resurgence Legal Group, PC is a leading regional law firm specializing in consumer debt collection. We deliver results through a comprehensive, scalable servicing platform to maximize recovery in a fair, ethical and cost effective manner. Our diligent staff, efficient processes and automated workflows allow for the most valuable and compliant collection solutions for our clients.

Resurgence website, https://resurgencelegal.com/services/, accessed on July 25, 2023

16. Resurgence's website also states in part as follows: This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. *Id*.

## FACTUAL ALLEGATIONS

17. Plaintiff was alleged to have incurred a debt for a defaulted credit card debt purported to be owed to U.S. Bank. ("alleged debt").

18. The alleged debt was incurred in connection with the purchase of goods and services used for personal, household, and family use, and not in connection with any business purpose.

19. The alleged debt was a "debt" as that term is defined at § 1692a(6) of the FDCPA.

20. The alleged debt was declared to be delinquent, and in default, by the creditor.

21. A company named Alpine Capital Investments, LLC alleges to have subsequently purchased the alleged debt, after it was alleged to have been sold to one or more other bad-debt buyers.

22. Alpine thereafter filed a lawsuit to collect the alleged debt, titled *Alpine Capital Investments, LLC v. Mark S. Wiltgen,* Case No. 12SC06475, in The Circuit Court of Will

County, the Twelfth Judicial Circuit, Will County, Illinois ("State Action"). (Exhibit A, Complaint).

23. On September 17, 2012, a judgment was entered in favor of Alpine for the amount of $6,551.00 plus costs in the amount of $276.00, for a total judgment amount of $6,826.51. (Exhibit B, Order).

24. At some point thereafter, Unifund alleges to have purchased the alleged debt, and hired Resurgence to seek to collect the alleged debt.

25. On May 31, 2023, Resurgence, on behalf of Unifund, filed a Petition to Revive Judgment ("Petition"). (Exhibit C, Petition).

26. The Petition states, in relevant part, as follows:

"1. That on September 17, 2012, this Court entered judgment in favor of Plaintiff and against Defendant in the sum of $6.826.51, plus costs." *Id*.

27. The statement that judgment was entered in favor of Plaintiff, which was listed on the Petition as Unifund, is false.

28. Rather, judgment was entered in favor of Alpine, which is a company unrelated to Unifund.

29. The statement thus misrepresents the identity of the judgment creditor.

30. Then statement confused Plaintiff, as Alpine is not Unifund, Plaintiff was not informed of any alleged transfer of the judgment, and Alpine was not identified anywhere in the Petition as the judgment creditor.

31. The statement would be confusing to an unsophisticated consumer, since Alpine is not Unifund, and an unsophisticated consumer who had judgment entered against him in favor of Alpine would not know who Unifund was, or why it was collecting the alleged debt.

32.     Moreover, the Petition misrepresents the amount of the judgment that was entered.

33.     The Petition states that "…this Court entered judgment in favor of Plaintiff and against Defendant in the sum of $6.826.51, plus costs".

34.     However, judgment was entered in favor of Alpine for the amount of $6,551.00 plus costs in the amount of $276.00, for a total judgment amount of $6,826.51. (Exhibit B, Order).

35.      Defendants thus misrepresented the original amount of judgment that was entered as to the alleged debt, by seeking to collect double-costs.

36.     Unifund and Resurgence misrepresented the amount of judgment that was entered in favor of Alpine, and even assuming *arguendo* that Unifund had legal title, and thus the right to collect the alleged debt, it sought to collect an inflated claim from Plaintiff.

37.     Defendants' misrepresentation of the name of the judgment creditor is material, as it could cause an unsophisticated consumer to not be able to identify a previously-incurred debt, which would negatively affect his or her management of the same.

38.      Defendants' misrepresentation of the name of the judgment creditor caused Plaintiff a concrete injury, as Plaintiff was forced to hire and pay an attorney to resolve the identity of the creditor to which the alleged debt was purported to be owed, due to Plaintiff's inability to identify the genesis of the alleged debt.

39.     Defendants' misrepresentation of the amount of the alleged debt caused Plaintiff a concrete injury, as Plaintiff was forced to hire and pay an attorney to defend against Defendants' illegal attempts to collect an inflated and false claim from Plaintiff.

40.     Defendants' misrepresentations also caused Plaintiff a concrete injury because he was required to pay an appearance fee in the state court, as well as a fee to obtain his court file, to avoid the revival of a judgment in an improper amount, as to an alleged creditor with which he was unfamiliar.

41.     Plaintiff's counsel filed an Appearance in the State Action on July 11, 2023, for which Plaintiff paid a fee. (Exhibit D, Appearance).

42.     On July 11, 2023, Plaintiff filed an Answer to Petition to Revive Judgment in the State Action. (Exhibit E, Answer).

43.     On July 17, 2023, Resurgence, on behalf of Unifund, sent an email to Plaintiff's counsel.

44.      The email dated July 17, 2023, sent by Resurgence, on behalf of Unifund, was an attempt to collect a debt.

45.     The email dated July 17, 2023 was the initial communication by Resurgence with Plaintiff/his counsel, that was made in connection with the collection of the alleged debt.

46.     In the alternative, the Petition served on Plaintiff on June 11, 2023 was the initial communication by Resurgence with Plaintiff, that was made in connection with the collection of the alleged debt.

47.     The email dated July 17, 2023 was the initial communication by Unifund with Plaintiff/his counsel, that was made in connection with the collection of the alleged debt.

48.     In the alternative, the Petition served on Plaintiff on June 11, 2023 was the  initial communication by Unifund with Plaintiff, that was made in connection with the collection of the alleged debt.

49.     Neither Resurgence nor Unifund provided Plaintiff, nor his counsel, a "Notice of Debt" within 5 days of the initial communication with Plaintiff and/or his counsel with respect to the alleged debt, as required by section 1692g of the FDCPA.

50.     Pursuant to section 1692g of the FDCPA, had Defendants provided a Notice of Debt and had Plaintiff timely disputed the alleged debt in writing, Defendants were required to cease collection of the alleged debt—including via litigation—until they mailed a verification of the alleged debt to Plaintiff, or if he was represented, his counsel.

51.     Defendants' failure to provide a Notice of Debt damaged and injured Plaintiff as a direct and proximate result of Defendants' conduct, in that he was deprived of the ability to dispute the alleged debt and obtain verification, and thus also to halt the State Action litigation thereby until verification was provided, and he incurred both financial loss and lost time as a result.

52.     Plaintiff would have disputed the alleged debt in writing within 30 days of receipt of said Notice had he been provided a Notice of Debt by either Defendant.

53.     Plaintiff would have requested the name of the original creditor in writing within 30 days of receipt of said Notice had he been provided a Notice of Debt by either Defendant.

54.     Defendants' failure to provide a Notice of Debt caused Plaintiff a concrete injury as he was gutted of the ability to dispute the alleged debt in writing and thus force Defendants to cease litigation and judgment revival until or unless they mailed verification of the alleged debt to Plaintiff or his counsel.

55.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

56. Unifund bears the burden of monitoring the activities of those it enlists to collect debts on its behalf, including Resurgence. *Janetos v. Fulton Friedman & Gullace, LLP*, No. 15-1859, 2016 WL 1382174, at *7 (7th Cir. Apr. 7, 2016).

## APPLICABLE LAW

57. 15 U.S.C. § 1692e of the FDCPA provides in part as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(2)The false representation of—**
>
> **(A) the character, amount, or legal status of any debt; or**
> **(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**
>
> **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

58. 15 U.S.C. § 1692f of the FDCPA provides in part as follows:

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

59.     15 U.S.C. § 1692g of the FDCPA provides in part as follows:

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**(1) the amount of the debt;**
**(2) the name of the creditor to whom the debt is owed;**
**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**(b) Disputed debts**

**If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

**COUNT I—FAIR DEBT COLLECTION PRACTICES ACT—INDIVIDUAL COUNT— 15 U.S.C. § 1692g**

60. Plaintiff re-alleges the above paragraphs as set forth fully in this count.

61. Each Defendant failed to provide Plaintiff and/or his counsel a "Notice of Debt" within 5 days of the initial communication with Plaintiff and/or his counsel, in violation of 15 U.S.C. § 1692g.

**COUNT II—FAIR DEBT COLLECTION PRACTICES ACT—CLASS COUNT— 15 U.S.C. §§ 1692e and 1692f**

62. Plaintiff re-alleges the above paragraphs as set forth fully in this count.

63. Defendants violated 15 U.S.C. §§ 1692e and 1692f by misrepresenting the identity of the judgment creditor.

64. Plaintiff brings this action individually and as a class on behalf of: (1) All persons in the State of Illinois (2) from whom Defendants attempted to collect a judgment debt entered in favor of Alpine (3) by filing and serving a petition to revive judgment filed in an Illinois Court in the form of Exhibit C (4) where the petition states in part that judgment was entered in favor of "Plaintiff", which is identified on the petition as Unifund (5) served during the period of time that begins one year prior to the filing of this Plaintiff's original Complaint, and ending on the date the original Complaint was filed.

65. The Petition is a form document.

66. The Petition is created from a template.

67. As the Petition is a form document, the Class likely consists of more than 40 persons from whom Defendants attempted to collect in the manner prescribed.

68. The proposed classes meet all requirements under 735 ILCS 5/2-801 and Federal Rule of Civil Procedure 23.

69. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class.

70. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

71. The prosecution of separate actions by individual members of the Class would create a risk inconsistent or varying adjudications with respect to individual members of the Class, and would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

72. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.

73. Plaintiff has retained counsel that has been approved as class counsel in previous class actions brought under the FDCPA.

**COUNT III—FAIR DEBT COLLECTION PRACTICES ACT—CLASS COUNT— 15 U.S.C. §§ 1692e and 1692f**

74. Plaintiff re-alleges the above paragraphs as set forth fully in this count.

75. Defendants violated 15 U.S.C. §§ 1692e and 1692f by misrepresenting the amount of the judgment debt and seeking to collect the same.

76.     Plaintiff brings this action individually and as a class on behalf of: (1) All persons in the State of Illinois (2) from whom Defendants attempted to collect a judgment entered in favor of Alpine (3) by filing and serving a petition to revive judgment filed in an Illinois Court in the form of Exhibit C (4) where the petition indicates that that judgment was entered for a sum certain, plus costs (5) where the costs that were previously awarded were already included in the amount identified by Defendants as the sum certain (6) served during the period of time that begins one year prior to the filing of this Plaintiff's original Complaint, and ending on the date the original Complaint was filed.

77.     The Petition is a form document.

78.     The Petition is created from a template.

79.     As the Petition is a form document, the Class likely consists of more than 40 persons from whom Defendants attempted to collect in the manner prescribed.

80.     The proposed classes meet all requirements under 735 ILCS 5/2-801 and Federal Rule of Civil Procedure 23.

81.     Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class.

82.     This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

83.     The prosecution of separate actions by individual members of the Class would create a risk inconsistent or varying adjudications with respect to individual members of the Class, and would, as a practical matter, either be dispositive of the interests of other members of

the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

84.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.

85.     Plaintiff has retained counsel that has been approved as class counsel in previous class actions brought under the FDCPA.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendants as follows:

A.     Statutory and actual damages for Plaintiff and the Class, pursuant to 15 U.S.C. §§ 1692k(a)(1) and 1692k(a)(2);

B.      Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

C.      Such other or further relief as the Court deems proper.

By: s/*Mario Kris Kasalo*
                    One of Plaintiff's Attorneys

Mario Kris Kasalo
**The Law Office of M. Kris Kasalo, Ltd.**
4950 Madison St.
P.O. Box 1425
Skokie, IL 60077
Tel 312-726-6160
Fax 312-698-5054
mario.kasalo@kasalolaw.com

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: s/ *Mario Kris Kasalo*
Mario Kris Kasalo

**EXHIBIT A**

IN THE CIRCUIT COURT OF THE 12TH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

Alpine Capital Investments, LLC, Plaintiff, v. Mark S Wiltgen, Defendant(s)

No. 12SC06475

Amount Claimed: $ 6,550.51 plus costs

Return Date: SEP 17 2012

FILED 2012 AUG 10 PM 1:36 CLERK, CIRCUIT COURT WILL COUNTY, ILLINOIS

COMPLAINT – VERIFIED

THIS COMMUNICATION IS FROM A DEBT COLLECTOR

The Plaintiff claims as follows:

1. The Plaintiff is Alpine Capital Investments, LLC.

2. Plaintiff is currently licensed pursuant to the Illinois Collection Agency Act.

3. Upon information and belief, Defendant, Mark S Wiltgen, resides in the City of Lockport, County of Will State of Illinois.

4. Plaintiff is proceeding in this cause as the assignee and current owner of a US Bank National Association ND credit card with an account number of XXXXXXXXXXXX6440. The Bills of Sale related to the transfer (s) of the Account are attached as Plaintiff's Group Exhibit A.

5. Upon information and belief, on April 1, 2008, Defendant(s) obtained a credit card on the Account and thereafter made purchases, transferred a balance from another source, made cash advances and/or used convenience checks drawn on the Account.

6. Upon information and belief, Plaintiff and/or Plaintiff's Assignor (s) performed all the conditions and duties on their part.

7. Upon information and belief, on August 2, 2010, Defendant(s) made a last payment to the Account. The Account has an unpaid balance of $6,550.51, including interest and other charges.

8. Due demand has been made on Defendant(s) to pay this amount, and Defendant(s) has failed to do so.

WHEREFORE, Plaintiff prays that judgment in the amount of $6,550.51 plus costs be entered against Defendant(s) Mark S Wiltgen.

MARKOFF KRASNY LLC
Attorneys for Plaintiff - Atty. No. 44957
29 N. Wacker Drive # 550
Chicago, IL 60606
Tel. (312) 698-7300 - Fax. (312) 698-7399

Respectfully submitted,
MARKOFF KRASNY LLC

By: Sarah Grincewicz
One of Plaintiff's Attorneys

Verification by Certification 735 ILCS 5/1-109

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he/ she verily believes the same to be true.

Pursuant to Supreme Court Rule 222 this claim does not exceed $50,000.00.

Alpine Capital Investments LLC

By: ____________________
Frances Zygmunt, Portfolio Manager

WCCH 08152012

**EXHIBIT B**

# IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
# WILL COUNTY, ILLINOIS

Alpine Capital Investments, LLC
**Plaintif f(s)**
vs

CASE NO: 12 SC 6475

Mark S Wiltgen
**Defendant(s)**

FILED
12 SEP 17 PM 1:54
CLERK, CIRCUIT COURT
WILL COUNTY, ILLINOIS

## ORDER

PLAINTIFF PRESENT ☐ YES ☒ NO  Judge
PLAINTIFF ATTORNEY X YES ☐ NO

DEFENDANT PRESENT ☐ YES ☒ NO
DEFENDANT ATTORNEY ☐ YES ☒ NO

**THE COURT BEING ADVISED IN THE PREMISES:**

| IT IS ORDERED: | IT IS ORDERED: |
|---|---|
| On Motion of ________ | ☐ Dismissed without Prejudice |
| that this cause is continued to ________ | ☐ Dismissed with Prejudice |
| TIME: ________ AM PM ROOM: 111 117 | ☐ Dismissed for Want of Prosecution |
| JUDGE: ________ | ☐ Alias Summon(s) to Issue |
| ☐ ________ MUST APPEAR FOR: | ☐ Citation to Issue |
| ☐ Status on ________ | ☒ JUDGMENT to enter: |
| ☐ Hearing on Motion/Petition for/to: ________ | ☒ By Default |
| ☐ Proof of Damages | ☐ Upon Trial or Hearing |
| ☐ Bench Trial | ☐ Defendant Having Admitted Liability |
| ☐ Jury Trial on ________, 20____ at 9:00 am with Trial Status on ________, 20____ at 9:00 am Room 227 (Will County Court Annex). | in favor of Alpine Capital Investments, LLC and against Mark S Wiltgen, in the amount of $ 6,550.51 plus Attorneys' fees of $.00costs of $276.00. |
| ☐ Other (Describe): ________ | ☐ Miscellaneous Order: ________ |

Cara Anthaney
Attorney or Party, if not represented by Attorney

Firm Name Markoff Krasny, LLC
ARDC # 6304583
Attorney for Plaintiff
Address 29 N. Wacker Dr. Ste 550
City & Zip Chicago, IL 60606
Telephone 312-263-6590

Dated: 9/17/12

Entered: ________
Judge

PAMELA J. MCGUIRE, CLERK OF THE CIRCUIT COURT OF WILL COUNTY

WCCH 09192012 11-31849-0

**EXHIBIT C**

EXHIBIT C

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2012SC006475
Filed Date: 5/31/2023 10:09 AM
Envelope: 22937557
Clerk: SJA

File TP073627
IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

UNIFUND CCR LLC
Plaintiff
v.
MARK S WILTGEN
Defendant(s)

Case No. 12 SC 6475

# PETITION TO REVIVE JUDGMENT

NOW COMES Plaintiff, UNIFUND CCR LLC , by and through its attorneys, RESURGENCE LEGAL GROUP, PC, and praying that this Court revive the judgment previously entered against Defendant, MARK S WILTGEN, respectfully states as follows:

1. That on September 17, 2012, this Court entered judgment in favor of Plaintiff and against Defendant in the sum of $6,826.51, plus costs.

2. That as of this date, May 5, 2023, interest at the statutory rate of 9%, has accrued in the sum of $6,534.37.

3. That as of this date, May 5, 2023, Defendant is entitled to post-judgment credits to principal and interest in the sum of $.00.

4. That court costs still owing prior to the issuance of the Summons to Revive Judgment total $.00.

WHEREFORE, Plaintiff prays that the judgment in the sum of $6,826.51 entered on September 17, 2012, be revived.

Respectfully Submitted,
UNIFUND CCR LLC
Plaintiff herein,

/s/ Conrad Noll IV #6272795

RESURGENCE LEGAL GROUP, PC
By One of Its Attorneys

RESURGENCE LEGAL GROUP, PC
3000 Lakeside Drive, Suite 309-S
Bannockburn, IL 60015
877/440-0860
#6272795
Email: ILAttorneys@ResurgenceLegal.com
This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.

VERIFICATION BY CERTIFICATION

Under the penalties as provided by law pursuant to Section 1-109 of Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certified as aforesaid that s/he verily believes the same to be true.

/s/ Conrad Noll IV #6272795

RESURGENCE LEGAL GROUP, PC
One of Its Attorneys

**EXHIBIT D**

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2012SC006475
Filed Date: 7/11/2023 10:02 PM
Envelope: 23492014
Clerk: KDO

For Court Use Only

**STATE OF ILLINOIS,**
**CIRCUIT COURT**
Will **COUNTY**

# APPEARANCE

**Instructions**

Directly above, enter the name of the county where the case was filed.

Enter the name of the person or company that filed this case as Plaintiff/Petitioner.

Enter the name of the Defendant/Respondent.

Enter the Case Number given by the Circuit Clerk.

UNIFUND CCR, LLC
**Plaintiff / Petitioner** *(First, middle, last name or Company)*

v.

MARK S. WILTGEN
**Defendant / Respondent** *(First, middle, last name)*

12SC6475
**Case Number**

In **1**, check the box next to "Myself," if you are not an attorney. If you are an attorney, enter the name of your client in **1**, check the box next to "Their attorney," and enter your attorney or firm name in the blank.

1. **The appearance of** Mark S. Wiltgen **is entered in this case by:**
   *First Middle Last*
   - ☐ Myself
   - ☑ Their attorney: Mario Kris Kasalo
     *Attorney or Firm Name*

2. **I would like a trial with** *(check only one; you do not have a right to jury trial in every case)*:
   ☑ a judge ☐ a judge and a 6-person jury ☐ a judge and a 12-person jury

**IMPORTANT:** If you are requesting a trial by jury and e-filing the form, you may need to e-file this form two separate times, once as an Appearance and once as a Jury Demand. Check with Illinois Court Help at ilcourthelp.gov or call (833) 411-1121. You can also check with your local Circuit Clerk's office.

Under Illinois Supreme Court Rule 137, your signature means that you have read the document, that to the best of your belief, it is true and correct and that you are not filing it for an improper purpose, such as to cause delay.

If you are completing this form on a computer, sign your name by typing it. If you are completing it by hand, sign and print your name.

Enter your complete address, telephone number, and email address, if you have one.

If you are an attorney, enter your firm name and attorney number.

/s/ Mario Kris Kasalo
*Your Signature*

4950 Madison St., P.O. Box 1425
*Street Address*

Mario Kris Kasalo
*Your Name*

Skokie, IL 60077
*City, State, ZIP*

(312) 726-6160
*Telephone*

mario.kasalo@kasalolaw.com
*Email*

*Firm Name (if any)*

44017
*Attorney # (if any)*

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

Enter the Case Number given by the Circuit Clerk: 12SC6475

## PROOF OF DELIVERY

In **1a**, enter the name, mailing address, and email address of the party you are sending the document to. If they have a lawyer, you **must** enter the lawyer's information.

In **1b**, check the box to show how you are sending the document.

**CAUTION:** If you and the person you are sending the document to have an email address, you **must** use one of the first two options. Otherwise, you may use one of the other options.

In **c**, fill in the date and time that you are sending the document.

**1.** I am sending the *Appearance*

a. To:

Name: Conrad (*First*) ___ (*Middle*) Noll (*Last*)

Address: 3000 Lakeside Dr., Ste 300-S (*Street, Apt #*) Bannockburn (*City*) IL (*State*) 60015 (*ZIP*)

Email address: ILAttorneys@ResurgenceLegal.com

b. By:

- ☐ An approved electronic filing service provider (EFSP)
- ☑ Email *(not through an EFSP)*

*Only use one of the methods below if you do not have an email address, or the person you are sending the document to does not have an email address.*

- ☐ Personal hand delivery to:
  - ☐ The party
  - ☐ The party's family member who is 13 or older, at the party's residence
  - ☐ The party's lawyer
  - ☐ The party's lawyer's office
- ☐ Mail or third-party carrier

c. On: 07/11/2023 (*Date*) at: 10:00 (*Time*) ☐ a.m. ☑ p.m.

In **2**, if you are sending the document to more than 1 party or lawyer, fill in **a**, **b**, and **c**. Otherwise leave **2** blank.

In **2a**, enter the name, mailing address, and email address of the party you are sending the document to. If they have a lawyer, you **must** enter the lawyer's information.

In **2b**, check the box to show how you are sending the document.

**CAUTION:** If you and the person you are sending the document to have an email address, you **must** use one of the first two options. Otherwise, you may use one of the

In **c**, fill in the date and time that you are sending the document.

**2.** I am sending the *Appearance*

a. To:

Name: ___ (*First*) ___ (*Middle*) ___ (*Last*)

Address: ___ (*Street, Apt #*) ___ (*City*) ___ (*State*) ___ (*ZIP*)

Email address: ___

b. By:

- ☐ An approved electronic filing service provider (EFSP)
- ☐ Email *(not through an EFSP)*

*Only use one of the methods below if you do not have an email address, or the person you are sending the document to does not have an email address.*

- ☐ Personal hand delivery to:
  - ☐ The party
  - ☐ The party's family member who is 13 or older, at the party's residence
  - ☐ The party's lawyer
  - ☐ The party's lawyer's office
- ☐ Mail or third-party carrier

c. On: ___ (*Date*) at: ___ (*Time*) ☐ a.m. ☐ p.m.

Enter the Case Number given by the Circuit Clerk: 12SC6475

If you are sending your document to more than 2 parties or lawyers, check the box and file the *Additional Proof of Delivery* with this form.

☐ I have completed an *Additional Proof of Delivery* form.

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

**I certify that everything in the *Proof of Delivery* is true and correct. I understand that a false statement on this form is perjury and has penalties provided by law under 735 ILCS 5/1-109.**

If you are completing this form on a computer, sign your name by typing it. If you are completing it by hand, sign and print your name.

Enter your complete address, telephone number, and email address, if you have one.

| | |
|---|---|
| /s/ Mario Kris Kasalo | 4950 Madison St., P.O. Box 1425 |
| *Your Signature* | *Street Address* |
| Mario Kris Kasalo | Skokie, IL 60077 |
| *Print Your Name* | *City, State, ZIP* |
| (312) 726-6160 | mario.kasalo@kasalolaw.com |
| *Telephone* | *Email* |
| The Law Office of M. Kris Kasalo, Ltd. | 44017 |
| *Firm Name (if any)* | *Attorney # (if any)* |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

**EXHIBIT E**

EXHIBIT E

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2012SC006475
Filed Date: 7/18/2023 3:01 PM
Envelope: 23585335
Clerk: KDO

**Firm No. 44017**

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT**
**WILL COUNTY, ILLINOIS**

| | | |
|---|---|---|
| UNIFUND CCR, LLC, | ) | |
| PLAINTIFF, | ) | Case No.: 12 SC 6475 |
| v. | ) | |
| MARK S. WILTGEN, | ) | |
| DEFENDANT. | ) | |

**ANSWER TO PETITION TO REVIVE JUDGMENT**

NOW COMES Defendant, MARK S. WILTGEN, by and through his attorney, THE LAW OFFICE OF M. KRIS KASALO, LTD., praying that that this Court deny the putative Plaintiff's request to revive the judgment entered against Defendant, MARK S. WILTGEN, and in support respectfully states as follows:

1. On May 31, 2023, UNIFUND CCR, LLC filed its PETITION TO REVIVE JUDGMENT, seeking to revive a judgment entered against Defendant on September 17, 2012. (Exhibit A, Petition).

2. 735 ILCS 5/2-1602 Revival of Judgment, provides in part:

**(b) A petition to revive a judgment shall be filed in the original case in which the judgment was entered. The petition shall include a statement as to the original date and amount of the judgment, court costs expended, accrued interest, and credits to the judgment, if any.**

735 ILCS 5/2-1602 (LexisNexis, Lexis Advance through Public Act 103-7 of the 2023 Regular Session of the 103rd General Assembly)

3. A petition to revive judgment thus must be filed in the original case in which the judgment was entered, according to 735 ILCS 5/2-1602(b).

4. The Petition states “1. That on September 17, 2012, this Court entered judgment in favor of Plaintiff and against Defendant in the sum of $6.826.51, plus costs.” (Exhibit A, Petition).

5. However, the statement that “…on September 17, 2012, this Court entered judgment in favor of Plaintiff and against Defendant in the sum of $6.826.51, plus costs” is false.

6. First, the name of the judgment creditor is not “UNIFUND CCR, LLC”. Rather, judgment was entered in this case number in favor of “Alpine Capital Investments, LLC”, as is evidenced by the judgment order filed on September 17, 2012 in this case number. (Exhibit B, Order).

7. Thus, the statement that “ …this Court entered judgment in favor of Plaintiff and against Defendant” is patently false, as judgment was entered in favor of “Alpine Capital Investments, LLC”, and not “UNIFUND CCR, LLC” as the Petition wrongly states.

8. Moreover, the Petition states that judgment was entered “…in the sum of $6.826.51, plus costs”.

9. The statement that judgment was entered “…in the sum of $6.826.51, plus costs” is false because the judgment Order reads that judgment was entered “in the amount of $6,550.51…plus costs…”. (Exhibit B, Order).

10. “UNIFUND CCR, LLC” thus asserts that judgment was entered in a different amount than was reflected in the judgment Order entered in connection with this

case number, and in favor of a different entity than reflected in said judgment Order. The basis on which it seeks revival of the judgment at issue is thus false.

11.     Further, a "(b) A petition to revive a judgment…shall include a statement as to…court costs expended".

12.     "UNIFUND CCR, LLC" does not include a statement anywhere in its Petition that identifies the "court costs expended".

13.     The Petition thus does not comport with the applicable statute, 735 ILCS 5/2-1602, that sets out the requirements to revive a judgment.

14.     The Petition is verified, though it contains material misrepresentations as to the facts surrounding the purported judgment that is apparently at issue, as described above.

15.     Based on the foregoing, "UNIFUND CCR, LLC" has failed to show that it has any interest in the judgment that it seeks to revive, and the judgment amount that Plaintiff asserts is subject to revival is false. "UNIFUND CCR, LLC" has also failed to comply with the requirements of 735 ILCS 5/2-1602. For the above reasons, Defendant prays that this Court deny "UNIFUND CCR, LLC"'s Petition, and enter an order requiring "UNIFUND CCR, LLC" to pay Defendant's costs incurred in this matter.

WHEREFORE, Defendant prays that this Court deny "UNIFUND CCR, LLC"'s instant Petition, and enter an order requiring "UNIFUND CCR, LLC" to pay Defendant's costs incurred in this matter.

**The Law Office of M. Kris Kasalo, Ltd.**
**4950 Madison St.**
**PO Box 1425**
**Skokie, IL 60077**
**tel 312.726.6160**
**fax 312.698.5054**
**mario.kasalo@kasalolaw.com**

By: /s/ *Mario Kris Kasalo*
Mario Kris Kasalo

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2023, I electronically filed the foregoing document, and mailed and emailed a copy of the same, via First Class US Mail postage prepaid, to:

RESURGENCE LEGAL GROUP, PC
3000 Lakeside Drive, Suite 309-S
Bannockburn, IL 60015
Email: ILAttorneys@ResurgenceLegal.com

By: */s/ Mario Kris Kasalo*
Mario Kris Kasalo

**VERIFICATION BY CERTIFICATION**

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

By: /s/ *Mario Kris Kasalo* Date: July 11, 2023

**EXHIBIT A**

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2012SC006475
Filed Date: 5/31/2023 10:09 AM
Envelope: 22937557
Clerk: SJA

File TP073627
IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

UNIFUND CCR LLC

Plaintiff

v.

MARK S WILTGEN

Defendant(s)

Case No. 12 SC 6475

**PETITION TO REVIVE JUDGMENT**

NOW COMES Plaintiff, UNIFUND CCR LLC , by and through its attorneys, RESURGENCE LEGAL GROUP, PC, and praying that this Court revive the judgment previously entered against Defendant, MARK S WILTGEN, respectfully states as follows:

1. That on September 17, 2012, this Court entered judgment in favor of Plaintiff and against Defendant in the sum of $6,826.51, plus costs.

2. That as of this date, May 5, 2023, interest at the statutory rate of 9%, has accrued in the sum of $6,534.37.

3. That as of this date, May 5, 2023, Defendant is entitled to post-judgment credits to principal and interest in the sum of $.00.

4. That court costs still owing prior to the issuance of the Summons to Revive Judgment total $.00.

WHEREFORE, Plaintiff prays that the judgment in the sum of $6,826.51 entered on September 17, 2012, be revived.

Respectfully Submitted,
UNIFUND CCR LLC
Plaintiff herein,

/s/ Conrad Noll IV #6272795

RESURGENCE LEGAL GROUP, PC
By One of Its Attorneys

RESURGENCE LEGAL GROUP, PC
3000 Lakeside Drive, Suite 309-S
Bannockburn, IL 60015
877/440-0860
#6272795
Email: ILAttorneys@ResurgenceLegal.com

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.

VERIFICATION BY CERTIFICATION

Under the penalties as provided by law pursuant to Section 1-109 of Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certified as aforesaid that s/he verily believes the same to be true.

/s/ Conrad Noll IV #6272795

RESURGENCE LEGAL GROUP, PC
One of Its Attorneys

**EXHIBIT B**

95

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

Alpine Capital Investments, LLC
Plaintif f(s)
vs

Mark S Wiltgen
Defendant(s)

CASE NO: 12 SC 6475

FILED
12 SEP 17 PM 1:54
CLERK, CIRCUIT COURT
WILL COUNTY, ILLINOIS

ORDER

PLAINTIFF PRESENT ☐ YES ☒ NO — Judge

PLAINTIFF ATTORNEY X YES ☐ NO

DEFENDANT PRESENT ☐ YES ☒ NO

DEFENDANT ATTORNEY ☐ YES ☒ NO

THE COURT BEING ADVISED IN THE PREMISES:

**IT IS ORDERED:**
On Motion of ______
that this cause is continued to ______
TIME: ______ AM PM ROOM: 111 117
JUDGE: ______
☐ ______ MUST APPEAR FOR:
☐ Status on ______
☐ Hearing on Motion/Petition
for/to: ______
☐ Proof of Damages
☐ Bench Trial
☐ Jury Trial on ______, 20____ at 9:00 am with
Trial Status on ______, 20____ at 9:00 am
Room 227 (Will County Court Annex).
☐ Other (Describe): ______

**IT IS ORDERED:**
☐ Dismissed without Prejudice
☐ Dismissed with Prejudice
☐ Dismissed for Want of Prosecution
☐ Alias Summon(s) to Issue
☐ Citation to Issue

☒ JUDGMENT to enter:
☒ By Default
☐ Upon Trial or Hearing
☐ Defendant Having Admitted Liability
in favor of Alpine Capital Investments, LLC
and against Mark S Wiltgen,
in the amount of $ 6,550.51 plus Attorneys' fees of $.00 costs of $276.00.
☐ Miscellaneous Order: ______

Cara Anthaney
Attorney or Party, if not represented by Attorney

Firm Name Markoff Krasny, LLC
ARDC # 6304583
Attorney for Plaintiff
Address 29 N. Wacker Dr. Ste 550
City & Zip Chicago, IL 60606
Telephone 312-263-6590

Dated: 9/17/12

Entered: ______
Judge

PAMELA J. MCGUIRE, CLERK OF THE CIRCUIT COURT OF WILL COUNTY

WCCH 09192012 11-31849-0